UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

      v.                Criminal No. 01-40003-001

LIONEL TIDWELL                                              DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant/movant, Lionel Tidwell, seeking credit against his sentence, for time spent in presentence custody. (Doc. #34) The motion has been referred to the undersigned by order entered on March 28, 2006. (Doc. #35)

On December 20, 2001, Tidwell was sentenced, by this court, to a term of 125 months of imprisonment after pleading guilty to possession with intent to distribute more than five kilograms of cocaine base, a schedule II controlled substance, in violation of *21 U.S.C. § 841(a)(1)*. The term of imprisonment was ordered to run consecutively to any undischarged term of state imprisonment. (Doc. #32)

In the pending motion, Tidwell alleges that the United States Bureau of Prisons has refused to grant Tidwell credit against his sentence for the time he was in the custody of the United States Marshall under a writ of habeas corpus ad prosequendum from the Arkansas Department of Correction prior to his federal sentence being imposed. (Doc. #34)

The pending motion should be dismissed. First, a transcript of the sentencing hearing clearly reveals that, although this court addressed the issue, it did not order that Tidwell be allowed credit for such presentence time period. In response to the request by Tidwell's attorney that "he be given credit for pretrial incarceration from the date of the arrest," the court stated:

**AO72A**
**(Rev. 8/82)**

> THE COURT: I think there is some real strict guidelines that the Bureau of Prisons must impose. Now if the previous state sentence was connected in any way with this, then that's proper, but by the very nature of the writ, that sentence continues. So he will certainly be given credit in the state for that. There can't be any double application but -.
>
> MR. GILLESPIE: I understand.

(T. 13)

Further, the United States Bureau of Prisons is the entity which determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Gonzalez*, 192 F.3d 350, 353 (2d Cir. 1999)("'The Bureau of Prisons and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody.'")(quoting *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998). Once Tidwell exhausts his administrative remedies with respect to his request, the appropriate avenue for relief is through the filing of a petition for writ of habeas corpus pursuant to *28 U.S.C. § 2241*. *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999)(request for credit against sentence must be made to the Attorney General through the Bureau of Prisons; once administrative remedies are exhausted judicial review may be obtained through *§ 2241*); *see also Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992)(petitioner sentenced in federal court then convicted and sentenced in state court for unrelated offense should bring claim for sentence credit under *§ 2241*); *Larios v. Madigan*, 299 F.2d 98 (9th Cir. 1962)(issues properly raised in *§ 2241* petition).

This district is not the proper venue for a *§ 2241* petition. Such a proceeding must be brought in the district where the inmate is confined, in the United States District Court for the District of Columbia, or in any district where the Bureau of Prisons maintains a regional office.

AO72A
(Rev. 8/82)

*See United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000)(per curiam).

**Conclusion:**

Accordingly, we recommend that Tidwell's motion be dismissed without prejudice to his filing an appropriate motion under *28 U.S.C. § 2241* in the district where he is confined, in the United States District Court for the District of Columbia, or in any district where the Bureau of Prisons maintains a regional office.

**The parties have ten (10) days from the receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of May 2006.

/s/ *Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)